UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| OKOKIPE JONES,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:23-CV-01005-CBK<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner pleaded guilty to abusive sexual contact of a child and was sentenced on July 12, 2021, to 200 months imprisonment. 1:20-cr-10032-CBK. He did not appeal his conviction or sentence. Petitioner's advisory guidelines range was calculated to be 324 – 405 months but the statutory maximum penalty was 240 months, which became the advisory guideline sentence. I applied a variance of 40 months below the advisory guideline sentence pursuant to 18 U.S.C. 3553(a)(6) to avoid unwarranted sentencing disparities among similar defendants.

Petitioner has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was granted extensions of time to file his petition, based upon the restrictions of the COVID-19 public health emergency and the inability to obtain a transcript of the sentencing hearing. The petition was timely filed.

Petitioner filed a motion to amend his petition to more clearly state the basis of his claims. I have considered all papers filed in support of his motion to vacate. Petitioner has filed a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Pursuant to the Advisory Committee Notes to Rule 3 of the Rules Governing § 2255 Proceedings for the United States District Courts, "[t]here is no filing fee required of a movant under these rules."

Petitioner contends that he received ineffective assistance of counsel and that I erred in applying a sentencing enhancement based upon hearsay evidence. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## DECISION

To support a claim of ineffective assistance of counsel, a two-prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). In the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Gumangan v. United States, 254 F.3d 701, 705 (8th Cir.2001), (*quoting* Hill v. Lockhart, 474 U.S. 52, 59 (1985)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

### I. Ineffective Assistance at Sentencing - Failure to Investigate.

Petitioner contends that counsel failed to investigate the victim impact statement, resulting in a sentencing enhancement for repeat and dangerous offender.

Petitioner was charged in an indictment with Aggravated sexual abuse of a child – committing a sexual act in 2010 when the victim was under the age of 12 – having a

2

mandatory minimum sentence of 30 years and a maximum sentence of life imprisonment. He was also charged with Aggravated sexual abuse of a child – committing a sexual act between 2016 and 2017 when the victim was between age 12 and age 16 – having a mandatory minimum sentence of 30 years and a maximum sentence of life imprisonment. Finally, the indictment charged the petitioner with having committed sexual abuse of a minor between 2016 and 2017 when the victim was over the age of 12 – having a maximum sentence of 15 years imprisonment. Petitioner, through counsel, negotiated a plea agreement wherein he was allowed to plead guilty to a superseding information charging abusive sexual contact of a child, which has a maximum custodial sentence of 20 years imprisonment. He admitted that, in 2010, when the victim was age 6, he touched the victim's vagina and genitalia using force.

  As part of the calculation of the advisory guideline range, petitioner was assigned a five (5) level Chapter 4 criminal history enhancement pursuant to § 4B1.5(b)(1) for being a repeat and dangerous sex offender against a minor. Petitioner pleaded guilty to an offense for his conduct against the victim in 2010 when she was age six. The enhancement was based upon the allegations concerning his conduct against the victim between 2016 and 2017 when the victim was age twelve. That conduct was set forth in the original indictment and, presumably, was part of the discovery in this case. The enhancement was not based upon the victim impact statement as suggested by petitioner.

  Counsel filed an objection to the enhancement, noting that the petitioner had only admitted to one instance of sexual abuse of the victim. Counsel argued vigorously at sentencing in support of a downward variance from the advisory guideline range. Counsel argued that the sentencing guideline range that was calculated in the presentence report was "frankly outrageous." Counsel pointed to several instances of what he described as more egregious conduct which would have resulted in a lower range. Counsel for petitioner cited to specific cases involving the crime to which petitioner pleaded guilty, noting that the sentences imposed in other cases was disproportionate compared with petitioner's range.

Petitioner's total offense level, after the three-level reduction for acceptance of responsibility, was 38 and, together with a criminal history category of IV, his guideline sentencing range was 324 – 405 months but the statutory maximum penalty was 240 months. Following defense counsel's arguments at sentencing, the prosecutor stated to the Court that "there's a provision in here that as a matter of equity should probably be removed or at least by virtue of a downward variance and it's the 4B1.5 provision, the five-level enhancement." The prosecutor agreed with counsel for the defendant that a variance below the statutory maximum would be appropriate.

I determined that the enhancement was legally allowed based upon the fact that there were two incidents of sexual contact. I determined that, not applying the five level enhancement, the total offense level would have been 33 with a resulting advisory guideline range of 188 – 235 months. I adopted the arguments of counsel for the defendant and awarded a downward variance which was within the range which defendant claimed was the correct range.

I find that petitioner has not demonstrated that counsel was ineffective as claimed by petitioner. Counsel obtained a sentence consistent with a range that did not include the repeat and dangerous offender enhancement. As previously set forth, petitioner bears the burden of showing prejudice - that, absent counsel's alleged ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different. Delgado v. United States, 162 F.3d at 982. Petitioner cannot show that there is a "reasonable probability that, but for counsel's alleged failure [to investigate and challenge the repeat and dangerous offender enhancement] the result of the proceeding would have been different." Toledo v. United States, 581 F.3d at 680 (8th Cir. 2009).

**II. Illegal Sentence.**

Petitioner contends that the repeat and dangerous offender sentencing enhancement was applied based upon hearsay evidence and was wrongfully applied. Any claim that I erred in imposing sentence upon petitioner was required to be raised on direct appeal. The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593,

4

71 L.Ed.2d 816 (1982). Failure to raise an issue on direct appeal bars petitioner from raising the issue for the first time in a section 2255 habeas corpus proceeding. Jennings v. United States, 696 F.3d 759, 762-63 (8th Cir. 2012). "Questions as to the sufficiency of the evidence or involving errors either of law or of fact must be raised by timely appeal from the sentence if the petitioner desires to raise them." Burns v. United States, 229 F.2d 87, 90 (8th Cir. 1956).

Petitioner's claim that I erred in relying upon hearsay evidence in imposing sentence upon him was required to be raised, if at all, on direct appeal. He cannot raise that issue in this proceeding.

### III. Evidentiary Hearing.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). *Accord*, Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012).

No evidentiary hearing is necessary in this matter because it plainly appears from a review of the record that the petitioner is not entitled to relief. Petitioner's claims that counsel was ineffective, even if true, would not entitle him to relief because the petitioner cannot demonstrate that the outcome of this case would have been different had counsel performed as suggested by petitioner.

## ORDER

I have determined, upon initial consideration, that it plainly appears from the face of the motion and the prior proceedings in the criminal case that petitioner is entitled to no relief and that his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be summarily dismissed.

Based upon the forgoing,

IT IS ORDERED:

1. The motion to vacate, set aside, or correct sentence is denied.

2. The motion, Doc. 2, for leave to proceed without the prepayment of the filing fee is denied.

3. The motion, Doc. 6, to amend the motion to vacate is granted.

IT IS HEREBY CERTIFIED that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 4th day of March, 2024.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge